COBB, Chief Judge.
The appellants, Henry J. Tompkins and his mother, Marian J. Gelsebach, timely appeal an order denying a motion to vacate final judgment of foreclosure in favor of Barnett Bank of St. Johns County, relating to real property located on San Jose Road in St. Augustine, Florida. Tompkins and Gelsebach had moved from this property in the summer of 1982 to George Miller Road in Hastings, Florida. Although the bank was able to execute personal service on Tompkins, it ran into difficulty in locating Gelsebach.[1]
On May 12, 1983, an affidavit was filed by the assistant vice president of the bank, stating that after a diligent search and *879 inquiry plaintiff could not find Gelsebach, that her residence was George Miller Road, Hastings, St. Johns County, Florida, and that her mailing address was Post Office Box 275, St. Augustine, Florida. Apparently, this was a clerical error and the mailing address should have been shown as Hastings, rather than St. Augustine. Subsequently, a certified copy of the complaint sent to the mailing address in St. Augustine was returned unclaimed, but there is no indication that the mailing to the Hastings residence was returned.
Section 49.011(1), Florida Statutes (1983), provides that service of process may be made by publication in actions to enforce any legal or equitable lien to any interest in real or personal property within the jurisdiction of the court. Section 49.031 provides:
(1)As a condition precedent to service by publication, a statement shall be filed in the action executed by the plaintiff, his agent or attorney, setting forth substantially the matters hereafter required, which statement may be contained in a verified pleading, or in an affidavit or other sworn statement.
Section 49.041 provides further that the sworn statement shall show:
(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
(2) Whether such person is over or under the age of 18 years, if his age is known, or that his age is unknown; and
(3) In addition to the above, that the residence of such person is, either:
(a) Unknown to the affiant; or
(b) In some state or country other than this state, stating said residence if known; or
(c) In the state, but that he has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself so that process cannot be personally served upon him, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.
Appellants claim that Barnett Bank did not comply with this statute as it included in the affidavit an incorrect mailing address, i.e., P.O. Box 275, St. Augustine, Florida, instead of P.O. Box 275, Hastings, Florida. Appellants allege that the correct mailing address was known to the bank. It must be noted, however, that although the mailing address was incorrect, the residence address was on the affidavit and it was the correct one. The statute does require the residence but not the mailing address.
Here, the correct residence of Gelsebach was set forth in the plaintiffs sworn statement. Section 49.12, Florida Statutes (1983), required the clerk of the court to mail a copy of the notice of action to Gelse-bach at her residence — George Miller Road, Hastings, Florida. The clerk’s certificate of mailing in the court file shows that he did just that. The fact that he also mailed a copy of the notice to the incorrect post office box number in St. Augustine does not invalidate the constructive service. The unnecessary mailing to the St. Augustine address harmed no one. The required mailing and the required publication were completed, and that fact is not controverted by any evidence in 'this case.
AFFIRMED.
UPCHURCH and COWART, JJ., concur.

. There is no issue in this case concerning the propriety of serving Gelsebach constructively rather than personally.